NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL ARELLANO, | No. 16-55222 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02401-MMA-JLB |
| v. | |
| E. OJEDA, Correctional Sergeant; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

California state prisoner Raul Arellano appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his health and safety arising from allegedly unsanitary conditions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We reverse and remand.

In the operative second amended complaint, Arellano alleged that the toilet in his solitary confinement cell clogged and overflowed for a period of several days, and defendants failed adequately to address the sanitation issue, thereby exhibiting deliberate indifference.  These allegations, taken as true, were "sufficient to warrant ordering [defendants] to file an answer."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement . . . if he knows that [inmate faces] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").  Accordingly, we reverse the district court's dismissal for failure to state a claim and remand for further proceedings.

**REVERSED and REMANDED.**

16-55222